LOWNDES TREADWELL v. SEIBERLING RUBBER COMPANY.

164 So. 710.
Opinion Filed December 12, 1935.
Rehearing Denied January 3, 1936.

*W. D. Bell,* for Plaintiff in Error;

*Leitner & Leitner,* for Defendant in Error.

WHITFIELD, C. J.—The transcript of the record herein on writ of error contains copies of the pleadings and rulings thereon in an action on promissory notes and common counts.

Then appears the following:

"The parties, through their counsel, waived a trial of the said cause by jury and submitted the same, both as to questions of fact and law, to the Judge of said Court to be tried and disposed of in vacation.

"On the 30th day of November, 1934, said defendant made up and presented his Bill of Exceptions, which after

due notice to counsel for plaintiff in said cause, was duly settled and signed by the Court, which is in words and figures following:

" 'IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR DeSOTO COUNTY, FLORIDA, AT THE FALL TERM THEREOF.

" 'Be it remembered that at a term of the Circuit Court of the Nineteenth Judicial Circuit of the State of Florida for the County of DeSoto, held at Arcadia, Florida, on the 25th day of April in the year of our Lord One Thousand Nine Hundred and Thirty-four, a cause therein pending wherein the Seiberling Rubber Company, a corporation, was plaintiff, and Lowndes Treadwell was defendant, came on to be heard before the Honorable W. J. Barker, Judge of said Court, at which day came the said parties by their respective attorneys in pursuance of a written agreement theretofore made and entered into by the attorneys for said respective parties, and having waived a trial of the said cause by a jury and submitted the said cause to the said W. J. Barker, Judge of said Court, for trial and determination, the said cause then and there being at issue and ready for trial.

" 'The parties being present before the Court by their respective counsel, the Court took the testimony of plaintiff, which testimony is attached hereto, and adjourned said hearing for a date more propitious to the defendant on which to take his testimony, and thereafter on more than one occasion the case was set for trial for the purpose of taking defendant's testimony, at which times through inability on the part of defendant's counsel to be present, these hearings were continued from time to time; and later a final date was set for the conclusion of the case, at which time on call of the case the defendant's counsel was not present and the

Court, believing that defendant's counsel did not care to contest the case further nor offer any evidence on behalf of defendant, concluded the case and entered a verdict and judgment for the plaintiff.

" 'After the entry of said judgment defendant's counsel filed a motion that the same be vacated on the ground that he was not present and had no notice of the closing of the case, and it appearing to the Court that there had been an honest misunderstanding between the Court and counsel for defendant, and the Court desiring that such testimony and evidence as the defendant had in defense should be received in the case and defense counsel allowed to argue the law and the facts, the Court on, to-wit, the 15th day of September, A. D. 1934, for the purpose of admitting such testimony and hearing said argument, entered the following order, to-wit:

" 'It appearing that this cause was submitted to the Court without a jury under stipulation of counsel, and that testimony was taken by and before the Court, and that the object of the motion for a new trial filed by the defendant is for the purpose of allowing the defendant to introduce testimony and for his counsel to argue the case, and the Court being of the opinion that said motion for new trial filed by the defendant should be granted in order to allow defendant to introduce testimony and that his side of the case may be argued by his counsel, it is ORDERED AND ADJUDGED that the said motion be and the same is hereby granted and the verdict and judgment heretofore entered in said cause be and the same is hereby vacated and set aside.

" 'IT IS FURTHER ORDERED AND ADJUDGED that retrial of said cause before the Court without jury be and the same is hereby set for October 2, 1934, at 2:00 o'clock P. M., same being the first day of the Fall Term, 1934, of this

Court in DeSoto County, Florida, at which time and place the Court will allow the introduction of such further testimony as may be offered by the parties to said cause, and will hear and consider argument of counsel.

" 'DONE AND ORDERED in Chambers at Sebring, Highlands County, Florida, this the 15th day of September, A. D. 1934.

" 'W. J. BARKER, *Circuit Judge.'*

"Pursuant to said order, on the 3rd day of October, A. D. 1934, the Court sat to receive the evidence of the defendant in said cause, whereupon counsel for defense took the position that the plaintiff should reintroduce all of plaintiff's witnesses and the Court should take all of plaintiff's testimony over again, which position or contention of defendant the Court overruled, whereupon counsel for defendant then and there filed a motion with said Court asking a dismissal of said cause for lack of testimony, which said motion and the ruling of the Court thereon is in words and figures as follows:

" 'Comes now the defendant, by his undersigned attorney, at the time said cause was called for trial on this the 2nd day of October, 1934, and upon the announcement of the plaintiff that it stood upon the testimony heretofore introduced in said cause at a former trial thereof, and had no further testimony to offer, and moves the Court to dismiss said cause for the following reasons:

" '1.   That the plaintiff has not offered or introduced any evidence in the said cause at this hearing.

" '2.   That the evidence heretofore introduced at a former trial of this cause which resulted in a verdict and judgment against the plaintiff herein but which verdict and judgment the Court has set aside and granted a new trial, has not been

reintroduced in evidence in the manner prescribed or in any manner whatsoever.

" '3. Because the testimony heretofore taken in the said cause is not part of the record upon which this cause is now being tried and is nowise before the Court in a formal manner at this hearing.

" 'W. D. BELL,
" 'Attorney for Defendant.

" 'The above motion is overruled, to which ruling the defendant excepts.

" 'DONE AND ORDERED at Arcadia, Florida, this the 2nd day of October, 1934.

" 'W. J. BARKER, Circuit Judge.'

"The said Judge did then and there deliver his opinion and decide that the said motion should not be granted and overruled the same, to which said decision and ruling of the said Judge the defendant, by his attorney, did then and there except.

"The said Judge then explained and stated to the respective parties and their attorneys, that he considered all of the testimony which had been previously introduced at other hearings of said cause before him, still before him, and that he did not consider it necessary that plaintiff in said cause should offer or produce any further evidence than the testimony which had been previously introduced and used at former hearings of the said cause, and that this cause was reopened only for the defendant to introduce such evidence as he had to offer.

"And thereupon the said issues theretofore joined between the said parties came on to be tried in the absence of a jury, a jury having been waived by the respective parties.

"Whereupon, after said cause had been reopened by said

order of said Court, counsel for defendant announced that he had no testimony to offer."

The evidence which the court stated he considered still before him is set out in the transcript. Defendant excepted to the ruling of the court that he considered such evidence still in evidence before him and might be used in behalf of the plaintiff in said cause without the reintroduction thereof.

The transcript then contains the following:

"The said parties having concluded and submitted their evidence in the manner aforesaid, the defendant thereupon, on the 2nd day of October, 1934, during the progress of the said trial, made a motion to dismiss the said cause, which said motion and the ruling of the Court thereon, is in words and figures following (see page 3) :

"But the Court refused to sustain said motion and overruled the same, to which ruling of the Court the defendant then and there excepted.

"Thereupon the Court proceeded to pronounce a verdict and judgment against the said defendant in the words and figures following:

"'FINAL JUDGMENT.

"'This cause having been submitted to the Court for its determination, both as to law and fact, and the said cause coming on this day to be finally heard upon the evidence taken before the Court, and both the parties being present in Court and announcing that they have rested, the plaintiff, represented by its counsel, Leitner & Leitner, and the defendant, represented by his counsel, John H. Treadwell, Sr., and W. D. Bell, and the Court having considered said evidence and the argument of counsel and being fully advised in the premises, finds as follows:

"'That there is due to the plaintiff from the defendant for principal $600.00 and interest thereon from October 25,

1928, at the rate of six per cent., which is $214.00, all totaling $814.00, and for this sum plaintiff should have a judgment against the defendant;

" 'IT IS THEREUPON ORDERED AND ADJUDGED AND DECREED that there is due to the plaintiff from the defendant, the said sum of $814.00, which is principal and interest as above stated, together with the costs of this suit here taxed at $95.95; for which sum let execution issue in due course.

" 'DONE AND ORDERED at Arcadia, Florida, this the 9th day of October, A. D. 1934.

" 'W. J. BARKER,<br>
" '<i>Judge Circuit Court,</i><br>
" '<i>DeSoto County Florida.</i>'

"And the said defendant, at the same term of said Court, on the 12th day of October, A. D. 1934, made and submitted the following motion for a new trial, in words and figures following:

" 'Now comes the defendant within four days of the rendition of the findings and verdict of the Court and at the same term of Court and moves the Court to vacate and set aside the verdict and judgment and findings rendered herein and grant him a new trial for the following reasons, to-wit:

" '1.   Said verdict and findings are contrary to law.

" '2.   Said verdict and findings are contrary to and not supported by the evidence.

" '3.   Said verdict and findings are contrary and not supported by either the law or the evidence.

" '4.   Because plaintiff did not prove its case by preponderance of evidence.

" '5.   Because the plaintiff did not introduce any evidence to support its declaration.

" '6.   Because the plaintiff on day of said trial, to-wit,

Oct. 2, 1934, did not offer any evidence before the Court at any time during the progress of the trial of said cause in either the form of documentary evidence or oral evidence, evidence taken upon interrogatories, or otherwise.

" '7. Because the record herein shows that the previous verdict and judgment entered by said Court in said cause was set aside and new trial granted, and at the time of said so-called new trial the plaintiff failed to offer any evidence of any character.

" 'W. D. Bell,
" 'Attorney for Defendant.'

"Upon consideration of the said motion, the Court, on the 16th day of October, 1934, during the said term denied the same, to which ruling the defendant excepted."

Writ of error was taken by the defendant.

The complete assignments of error are:

"1. The Court erred in holding and deciding that the evidence introduced at the former trials of said cause by the plaintiff, should not be reintroduced in the trial of said cause before him, which took place on the 2nd day of October, A. D. 1934.

"2. The Court erred in holding and deciding that any of the evidence introduced by the plaintiff at the previous trials of said cause, were still in the record and might be considered by the Court in arriving at his judgment in said cause.

"3. The Court erred in overruling and denying the motion made by the defendant on the 2nd day of October, A. D. 1934, to dismiss the said cause for lack of introduction of any evidence to support the plaintiff's right of action.

"4. The Court erred in overruling the defendant's motion for a new trial.

"5. The Court erred in entering a judgment in favor of the plaintiff against the defendant, on account of the utter lack of testimony upon the part of the plaintiff, to support the allegations of either its original or amended declaration."

The transcript contains a statement that after the entry of the first judgment "defendant's counsel filed a· motion that the same be vacated on the ground that he was not present and had no notice of the closing of the case." The motion is not in the transcript. The order on the motion states:

"It appearing that this cause was submitted to the Court without a jury under stipulation of counsel, and that testimony was taken by and before the Court, and that the object of the motion for a new trial filed by the defendant is for the purpose of allowing the defendant to introduce testimony and for his counsel to argue the case, and the Court being of the opinion that said motion for new trial filed by the defendant should be granted in order to allow defendant to introduce testimony and that his side of the case may be argued by his counsel, it is ORDERED AND ADJUDGED that the said motion be and the same is hereby granted and the verdict and judgment heretofore entered in said cause be and the same is hereby vacated and set aside.

"IT IS FURTHER ORDERED AND ADJUDGED that retrial of said cause before the Court without jury be and the same is hereby set for October 2, 1934, at 2:00 o'clock P. M., same being the first day of the Fall Term, 1934, of this Court in DeSoto County, Florida, at which time and place the Court will allow the introduction of such further testimony as may be offered by the parties to said cause, and will hear and consider argument of counsel.

"Thus it appears that the motion was not an ordinary motion for new trial, but 'that the object of the motion for a new trial filed by the defendant is for the purpose of allowing the defendant to introduce testimony and for the counsel to argue the case.'"

The effect of the limited nature of the order on the motion was to reopen the case for the purposes stated. A jury having been waived and the plaintiff's evidence having been duly taken and the record of it duly preserved, its use by the Judge without a jury in finally adjudicating the cause on its merits was not inconsistent with the stipulation waiving the jury and submitting the law and the facts to the Judge for determination.

Affirmed.

ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.